**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4974**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FLETCHER JUNIOR MCINTYRE,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:11-cr-00419-WO-2)

---

Submitted: July 11, 2013        Decided: July 18, 2013

---

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fletcher Junior McIntyre pled guilty pursuant to a plea agreement to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 841(b)(1)(B) (West 2006 & Supp. 2013) and 21 U.S.C. § 846 (2006). The district court calculated McIntyre's Guidelines range under the U.S. Sentencing Guidelines Manual (2011) at sixty to seventy-one months' imprisonment and sentenced him to sixty months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court reversibly erred in accepting McIntyre's guilty plea and abused its discretion in imposing sentence. McIntyre was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

Because McIntyre did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to

2

establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcripts of the guilty plea and sentencing hearings leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting McIntyre's guilty plea and that the court's omission did not affect McIntyre's substantial rights. Critically, the transcripts reveal that the district ensured the plea was supported by an independent basis in fact and that McIntyre entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of McIntyre's guilty plea.

Turning to McIntyre's sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an

3

opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from McIntyre. The court explained that the within-Guideline sentence of sixty months' imprisonment was warranted in light of the nature and circumstances of McIntyre's offense and his history and characteristics. Neither counsel nor McIntyre offers any grounds to rebut the presumption on appeal that his within-Guidelines sentence is substantively

4

reasonable.  Accordingly, we conclude that the district court did not abuse its discretion in sentencing McIntyre.

Finally, in accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform McIntyre, in writing, of the right to petition the Supreme Court of the United States for further review.  If McIntyre requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McIntyre.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED